ORIGINAL



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FERNANDO GONZALEZ-CARRILLO, ) <br> ) <br> Defendant. ) <br> ) | Cr. No. 05-1021GT <br><br> **ORDER** |

On September 16, 2005, Defendant, Fernando Gonzalez-Carrillo ("Mr. Gonzalez"), submitted a request that this Court revoke his supervised release immediately so that any term of imprisonment for violation of his supervised release may be run concurrently with his present sentence. For the reasons stated below, this request is **DENIED**.

The district court may revoke a term of supervised release after it has expired if: 1: a violation warrant or summons was issued before the term of supervised release expired; and 2: the delay between the end of the term of supervised release and the district court's revocation is "reasonable necessary for the adjudication of matters arising before [the term's] expiration." 18

U.S.C. § 3583(I); <u>United States v. Garrett</u>, 253 F.3d 443, 446 (9th Cir. 2001). The Ninth Circuit has held that the Government may wait until the defendant is released from state or federal custody before revoking his term of supervised release. <u>Id</u> at 450. In essence, the Government is not required to writ a defendant out of state or federal custody and bring him into federal district court for his revocation hearing. <u>Id</u>. Accordingly,

**IT IS ORDERED** that Mr. Gonzalez's request for an immediate revocation hearing is **DENIED**.

September 28, 2007
date

GORDON THOMPSON, JR.
United States District Judge

cc: All counsel and parties without counsel